Argued May 23; affirmed June 6, 1933

## KRAUL *v.* F. A. COOK MOTOR CO.
(22 P. (2d) 500)

*W. W. Banks,* of Portland (L. J. Balbach, of Portland, on the brief), for appellant.

*C. W. Robinson,* of Portland, and *Hy Samuels,* of Portland, for respondent.

BAILEY, J. Plaintiff, in his complaint, alleges that the defendant is a corporation located in Port-

land, Oregon, and engaged in the automobile business; that on or about November 18, 1930, defendant offered to sell to plaintiff a certain designated Graham-Paige automobile, and for the purpose of inducing plaintiff to purchase the automobile and with intent to deceive and defraud the plaintiff, defendant falsely and fraudulently represented to the plaintiff that said motor vehicle was a new car and had been used by the defendant merely as a demonstrator for a short period of time; that the plaintiff, believing said representations and relying thereon, purchased said automobile upon a conditional sales contract for the sum of $2,085; and that he did not learn said representations were fraudulent until some time in July, 1931. It is further alleged that said automobile was not a new car nor had it been used merely as a demonstrator, but was second-hand and had been previously sold by the defendant, had been involved in an accident and wrecked; and had been repossessed by defendant prior to the sale thereof to plaintiff; that the reasonable value of a new Graham-Paige at the time this automobile was purchased was $2,085; and that the reasonable market value of a second-hand Graham-Paige of the make and model purchased by plaintiff at the time he bought the car in question was $1,100.

In its answer the defendant admits certain allegations of the complaint and alleges affirmatively that the automobile which was sold to plaintiff "was practically new and had been used by defendant as a demonstrator in its business as automobile dealer for a short period of time, all of which was well known to plaintiff at said time". The answer further avers that the automobile was sold on October 22, 1930, pursuant to the terms of a written agreement which provided that the purchaser accepted and agreed to "purchase

in its present condition without warranty by the dealer, defendant herein, as to the 'year model' of said chattel or as to any other matter or thing whatever''; that the defendant exhibited the car to the plaintiff and demonstrated its performance; that prior to the execution of the contract plaintiff requested and was given the privilege of making an examination of the condition of the car and did examine and drive the car before entering into the contract; and that plaintiff was informed that there was no warranty of any kind as to the automobile, its condition or working parts, and that the conditional sales contract provided that the plaintiff had examined the automobile.

The case was tried to the court and a jury. On this appeal the defendant bases his ground of reversal on four assignments of error. The first two of these have to do with the court's denial of defendant's motion for a nonsuit and the entry of judgment for the plaintiff. The other two assignments have reference to the court's overruling defendant's objection to questions relative to the value of the car purchased by plaintiff.

Plaintiff testified that he went to the defendant's place of business on October 22, 1930, was shown the car here involved, and was told by the sales agent that it "was Mr. Cook's personal car, that he (Mr. Cook) had run it from the store home and back and that is practically all the use it had ever had, and that was for a couple of weeks only. Then he directed me to take the car out and try it out; so, he put on a pair of dealer's plates and I took the car out for half an hour". This testimony was admitted without objection and no motion was made at any time to strike it out as being at variance with the allegations of the complaint.

No motion was made by the defendant for a directed verdict; therefore, the only alleged errors to be

considered are those relating to the denial of defendant's motion for a nonsuit and to the admission of certain evidence over defendant's objection.

The only ground assigned by defendant for allowing the motion for a nonsuit is that "plaintiff has not sustained the allegations of the complaint".

In this court the defendant contends that the judgment of the trial court should be reversed on the following grounds: (1) that plaintiff knew he was purchasing a used automobile and not a new one; and (2) that plaintiff did not rely upon the representations made by defendant, but upon his own judgment, in that he inspected and drove the automobile before purchasing it.

On cross-examination the plaintiff denied that it was represented to him that the car had been used as a demonstrator, as alleged in the complaint, and claimed that the representation was that it had been used by Mr. Cook for a very short time to drive back and forth to his home. The evidence also was to the effect that the car involved herein was in June, 1930, sold by defendant to one Moran, who had driven it some 7,000 miles and had a wreck with it; and that the car had been repossessed by the defendant. There was introduced in evidence the original sales contract between the defendant and the plaintiff, in which the car was described as being new. The defendant contends, however, that the word "new" was inserted at the instance of plaintiff in order that he might procure from the finance company with which defendant had its dealings the more favorable terms of interest and payment allowed by that company on a new car than on a used automobile; and that by thus describing the car the plaintiff has saved in excess of $90.

██ It is urged by the defendant that since the plaintiff admitted that he understood the car had been driven by Mr. Cook, his admission to that effect precludes him from recovering in this action, on the ground that his entire claim for damages is based on the representation to him that the car was new, when in fact he knew it was a used car.

While plaintiff was on the stand one of the jurors asked him this question: "Does the witness consider a car that was driven back and forth by Mr. Cook for those several weeks, if you consider that a used car or not?" To which plaintiff answered: "No. I didn't. I considered it a new car".

We can not say as a matter of law that a car which has been driven as the plaintiff understood this car to have been driven before he purchased it, is not a new car as understood by the plaintiff and the defendant in their dealings. The fact that this motor vehicle had attached to it dealer's license plates after the 1931 license plates had been issued for it; that it was described in the contract as a new car; and the further fact that even according to defendant's own admission it had been used only as a demonstrator, would tend to convey to the prospective purchaser the impression that he was not purchasing a used car in the sense in which that term is generally employed. The mere circumstance, however, that the car had been previously sold, had been driven by the purchaser some 7,000 miles and had been damaged in a wreck, which was not disclosed by the defendant to the plaintiff, together with the other facts already pointed out, was sufficient evidence of intentional misrepresentation on the part of the defendant to require the submission of the case to the jury.

The plaintiff undoubtedly understood that the car had not been sold prior to the purchase thereof by

himself. Whether it had been used by Mr. Cook for a short time, as plaintiff stated he was informed, or as a demonstrator, did not materially alter the situation. It is not contended by defendant that it informed plaintiff that the car had previously been sold and wrecked. No one wants to, or would, pay as much for a motor vehicle which had been through what this one had, as for a car in the condition this automobile was represented to be by defendant.

■ The fact that plaintiff drove the car to Linnton, Oregon, and back before signing the contract to purchase it does not create a conclusive presumption that he relied on his own judgment and not on the representations made to him by defendant, nor does such evidence preclude a recovery by plaintiff in this case. During his entire testimony, plaintiff insisted that he purchased the car relying on the statements made by the defendant. Moreover, we can not say as a matter of law that any one driving an automobile the distance the plaintiff drove this one could have discovered that it was a used car in the sense in which that term is customarily employed.

The remaining two assignments of error relate to the admission of testimony as to the value of the automobile in controversy as a used car which had been driven 7,000 miles. Objection to such testimony was made on the ground that plaintiff knew and understood that he was purchasing a used car and not a new one. This objection has already been disposed of in passing upon the motion for a nonsuit.

We have carefully read the testimony in this case and are of the opinion that the judgment of the circuit court is such as should have been rendered. It is therefore affirmed.

Rossman, Bean, and Campbell, JJ., concur.